IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOAK | : | CIVIL ACTION |
| | : | NO. 17-1226 |
| v. | : | |
| | : | |
| NANCY BERRYHILL, ACTING | : | |
| COMMISSIONER OF SOCIAL SECURITY | : | |

**O R D E R**

**AND NOW**, this **21st** day of **September, 2018**, it is hereby **ORDERED** that:

(1) Plaintiff's objections (ECF No. 19) are **OVERRULED**;[1]

---

[1] The Court has carefully considered Plaintiff's objections to Magistrate Judge Richard A. Lloret's Report and Recommendation ("R&R") and the Commissioner's response to the objections. There is no need to repeat the history or facts of the case as Judge Lloret's R&R adequately relays that information.

The Court concludes that Judge Lloret has correctly and sufficiently addressed Plaintiff's arguments, and, thus, adopts his R&R. Nonetheless, reviewing the issues raised in the objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), the Court further concludes that:

a. When assessing the credibility of Plaintiff's complaints of pain, the ALJ properly considered that EMG studies failed to support Plaintiff's assertions of a neck impairment and left arm pain. While a claimant's statements of pain cannot be disregarded solely based on a lack of supportive medical evidence, SSR 96-7p, contrary to Plaintiff's objection, that is not what occurred here. As discussed by Judge Lloret, the ALJ considered a number of factors in assessing the credibility of Plaintiff's complaints, including both medical and non-medical evidence. See R&R at 14-17, ECF No. 18. Regarding neck and left

arm pain specifically, in addition to the EMG studies showing no significant issues, the ALJ also noted that Plaintiff's neck surgery helped with his left arm pain and that "[n]otes of treatment also establish that while the claimant reports experiencing occasional radiation of pain to his left upper extremity, the claimant realized improvement in this symptom such that he was able to reduce his Vicodin use." ALJ Decision at 25-26, ECF No. 12-2. The ALJ did not base his assessment regarding neck and left arm pain on a lack of medical evidence, but instead, based it on substantial evidence in the record. The Court finds no error regarding the ALJ's analysis.

    b.   Contrary to Plaintiff's objection, the ALJ did not err in considering Plaintiff's daily activities when determining the credibility of Plaintiff's assertions of limitation. While an ALJ must be careful not to make determinations based on sporadic activities, Smith v. Califano, 637 F.2d 969, 971-72 (3d Cir. 1981), an ALJ must factor daily activities into his or her analysis. SSR 96-7p, 20 C.F.R. § 404.1529(c)(3)(i). Here, as stated by Judge Lloret, "the activities, taken together with the medical evidence, constitute substantial evidence supporting the ALJ's conclusion that [Plaintiff's] subjective evaluation of his own limitations was not entirely credible in light of the evidence in the administrative record." R&R at 15. Judge Lloret continued that the "multitude" of regularly performed activities cited by the ALJ indicates that the ALJ did not cherry-pick activities or rely on mere sporadic activity in making his determination. R&R at 16. The Court agrees that the ALJ did not err in considering this evidence.

    c.   Similarly, the ALJ did not err in considering the fact that Plaintiff pursued job interviews when assessing his ability to work. As stated by Judge Lloret, "the ALJ properly considered the interview evidence because [Plaintiff] held himself out to potential employers as willing and able to work." R&R at 16; see Myers v. Barnhart, 57 Fed. App'x 990, 997 (3d Cir. 2003) (non-precedential) (finding that "it was entirely proper for the ALJ to consider that [the plaintiff's] receipt of unemployment benefits was inconsistent with a claim of disability during the same period" because an application for unemployment benefits requires an admission of ability to work). Judge Lloret reasonably concluded that "[w]hen a person applies for a job, he is ordinarily understood to believe, if not tacitly to assert,

2

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge Richard A. Lloret's Report and Recommendation (ECF No. 18);

(3) Plaintiff's request for review (ECF No. 14) is **DENIED**; and

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

that he is able to do the work the job entails. This tacit assertion makes it more likely that [Plaintiff] retained the physical capacity to work, and less likely that he was physically incapable to work. Likelihood, not certainty, is the touchstone of relevance." R&R at 16-17. Judge Lloret further noted that the ALJ's consideration of the Plaintiff's decision to interview for jobs was but one of many "factors found throughout the record, including objective medical evidence and a host of daily activities" properly relied upon by the ALJ as substantial evidence. R&R at 17. The Court concludes that the ALJ did not err in considering this evidence.

In that the ALJ did not commit a reversible error and his decision is supported by substantial evidence, Plaintiff's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.